**HOOKER FURNITURE CORPORATION,**
**Appellee,**

v.

**UNITED STATES of America,**
**Appellant.**

**No. 11955.**

United States Court of Appeals
Fourth Circuit.

Argued April 3, 1968.

Decided Sept. 3, 1968.

---

Robert I. Waxman, Atty., Dept. of Justice (Mitchell Rogovin, Asst. Atty. Gen., Richard C. Pugh, Acting Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Loring W. Post, Attys., Dept. of Justice, and Thomas B. Mason, U. S. Atty., on brief), for appellant.

Richard L. Shook, Washington, D. C., for appellee.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

## PER CURIAM:

This appeal involves a claim for refund and a counterclaim for excise taxes imposed by Sections 4141 and 4142 of the Internal Revenue Code of 1954.[1] Included among the many items subjected to tax by these sections were cabinets suitable for use with phonographs.

The taxpayer manufactured wooden cabinets that were designed to permit the installation and use of phonographs. Its cabinets were not acceptable to manufacturers of preassembled phonograph systems because they did not conform to the exacting specifications required for this equipment. They were, however, built to accommodate unassembled phonographs and were sold to furniture and sound equipment stores for resale to customers who could install their own "stereo" or "hi-fi" components.

We believe the government's motion for a directed verdict should have been granted. The evidence established as a matter of law that the cabinets were subject to the excise tax. Imposition of the tax depended upon whether the cabinets were suitable for use with phonographs. This phrase is defined in Treasury Regulation § 48.4142–1(b) [26 C.F.R. 48.4142–1 (b)]:

"An item is suitable for use * * * if it is commonly used with * * * [phonographs] or if it possesses actual, practical commercial fitness for such use. It is immaterial whether the item is primarily adapted for such use."

The fact that the cabinets were not used by manufacturers of preassembled phonograph systems is not determinative. Evidence of design, manufacture, and sale for the purpose of providing purchasers with cabinets that could accommodate their own phonograph systems demonstrates common usage and actual, practical commercial fitness. For this reason the cabinets were suitable for use with phonographs within the meaning of Sections 4141 and 4142 of the Code.

The judgment of the district court is reversed, and the case is remanded for the computation of the tax on all representative models and their subclasses pursuant to the stipulation of the parties.

Reversed and remanded.

---

1. 26 U.S.C. §§ 4141 and 4142. The tax was repealed effective June 22, 1965 by the Excise Tax Reduction Act of 1965, P.L. 89–44, Title II, § 204, 79 Stat. 140.