**BURRUSS LAND & LUMBER COMPANY, Inc.,**

v.

**UNITED STATES of America.**

Civ. A. No. 67–C–5–L.

United States District Court,
W. D. Virginia,
Lynchburg Division.

Oct. 30, 1970.

George D. Webster, Marmet & Webster, Washington, D. C., for the plaintiff.

Eugene P. Kopp, Dept. of Justice, Tax Division, Washington, D. C., and Leigh B. Hanes, Jr., U. S. Atty., Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case involves an interesting question which has arisen in the administration of the internal revenue excise tax on automotive parts and accessories. Int. Rev. Code of 1954, § 4061(b). Plaintiff manufactures laminated wood flooring which is widely used as flooring in truck trailers and which it contends is a general purpose wood product exempt from tax. The Internal Revenue Service contends that the flooring is a part or accessory within the meaning of Section 4061(b) and therefore subject to tax. On July 15, 1966 the defendant assessed against Burruss for the year 1956 excise taxes, accrued interest, and penalties in the amount of $13,466.13 which the plaintiff paid and then sued for a refund. The defendant has filed a counterclaim covering the years 1957–1963 for taxes and penalties in the amount of $42,236.-02 with interest of $16,000.10 to July 25, 1966 and statutory interest on $42,236.-02 from July 25, 1966.

The plaintiff is a manufacturer of various wood products. In the early 1950's it began looking for products which could be made out of low-grade lumber and strips of lumber which were not suitable for its other products. These materials were suitable for the manufacture of laminated wood, which is made by gluing strips of wood together and which has been in existence for a number of years. On one occasion a representative from the Truck Body Corporation saw some stair treads made of laminated wood in the plaintiff's plant and asked that enough be produced to cover a trailer floor. This was done and the plaintiff proceeded to made inquiries among various trailer manufacturers with regard to the potential market for such flooring. When the prospects appeared promising, the plaintiff expended approximately $150,000 in 1954 for new equipment to produce this flooring on a large scale. Additional production lines were installed in 1958, 1960 and 1966.

It appears that from the outset plaintiff's selling efforts have been pointed at the trucking industry. All of its advertising has been directed to suggest that its flooring is particularly suitable for truck trailer flooring. Indeed its corporate letterhead lists Lynchburg and Brookneal as the locations of its "Laminated Truck Flooring Plants." The plaintiff answered to an interrogatory that it has made sales of over $10,-500,000 of laminated flooring over the years in question and apparently only 4%–5% of this total was sold for purposes other than truck trailer flooring. It is stipulated that "[l]aminated flooring for trucks is processed and installed in substantially the same manner as other laminated wood material." It is also stipulated that there is a substantial market for laminated flooring as railway car decking and cargo container flooring, both of which uses are non-taxable. The particular value of laminated boards is claimed to be that they have uniform strength throughout and that they can apparently be produced to any desired length.

Prior to 1964 the defendant had taken no position as to the taxability of this laminated flooring but in that year it issued a revenue ruling attempting to deal with the problem. Rev.Rul. 64–261, 1964–2 Cum.Bull. 415. That ruling set forth three specific situations:

Situation 1. An order of flooring planks consisting of individual planks of the same length is sold to a purchaser who subsequently cuts the planks as needed for use in particular bodies. (not taxable)

Situation 2. An order of flooring planks is sold to a purchaser for a specific number of bodies. The order consists of flooring planks of various sizes which must be cut or otherwise altered by the purchaser before being

used in particular bodies. (not taxable)

Situation 3. An order of flooring planks is sold to a purchaser who has furnished to the company a blueprint of a particular type of taxable automobile truck body. The contract of sale specifies that the flooring is to be milled, cut, etc. to the exact design and dimensions specified in the blueprint for use in that type of body. For example, a contract of sale may cover the exact number and kind of planks milled, cut, etc. for ten automobile truck bodies. (taxable)

The plaintiff argues that this ruling is an incorrect application of the law and that, even if it is a proper interpretation, all of plaintiff's sales fall within situations one and two. Conversely the defendant contends both that the ruling is a correct statement of the law and that all of the sales fall within situation three. The case is submitted to the court upon stipulations, the deposition of James M. Gilley, who is the Secretary of Burruss, exhibits, briefs, and oral arguments.

Burruss contends that the flooring is a material of general use.[1] It is the defendant's position that the plaintiff cuts or otherwise transforms laminated wood, which is a material of general use, into automobile parts or accessories. The question thus presented is not an easy one on the facts.

The starting point for a discussion of this problem is the case of Universal Battery Co. v. United States, 281 U.S. 580, 59 S.Ct. 422, 74 L.Ed. 1051 (1930), which dealt with the predecessor of Section 4061(b). Several cases were consolidated for purposes of an opinion and the Supreme Court attempted to set forth general principles to govern the interpretation of this section.

Certainly it would be unreasonable to hold that articles equally adapted to a variety of uses and commonly put to such uses, one of which is use in motor vehicles, must be classified as parts or accessories for such vehicles. And it would be also unreasonable to hold that articles can be so classified only where they are adapted solely for use in motor vehicles and are exclusively so used. * * * [A]rticles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles for which they are not so well adapted. 281 U.S. at 583–584, 50 S.Ct. at 423.

It is clear from the evidence that the plaintiff has always been most interested in the truck trailer flooring market. It was with this market in mind that it first began significant production of laminated flooring and all of its advertising has been directed towards that market. These facts are persuasive, Aran v. United States, 259 F.2d 757 (9th Cir.), cert. denied, 358 U.S. 866, 79 S.Ct. 100, 3 L.Ed.2d 100 (1958), but the court is unconvinced that they are determinative of the contention that this flooring is "primarily adapted for use in motor vehicles."

■ Although the overwhelming percentage of sales made have been for truck flooring purposes, this fact alone does not prove that the laminated wood is primarily adapted for that purpose.

1. Treas.Reg. § 40.4061(b)–2, T.D. 6401, 1959–2 Cum.Bull. 258:

(c) *Materials of a general use.* The term "parts or accessories" also does not include materials such as glass, cloth, leather, matting, linoleum, and materials sold in rolls or by the foot, such as brake lining, tape, binding, wire, cable, metal and rubber tubing, packing, conduit, and similar material. When any such material is cut or otherwise transformed by any person into an automobile part or accessory, tax attaches at the time such part or accessory is sold by such person. However, the tax does not attach with respect to a part or accessory which is cut or transformed from such material pursuant to a customer's order in connection with an immediate repair job and installed by the person who cut such material inasmuch as the transaction is one involving principally labor and material, rather than the sale of a part or accessory. This regulation has been modified since the period in question.

*See* Durkee-Atwood Co. v. Willcuts, 83 F.2d 995, 998 (8th Cir. 1936). In this court's view the intention of the manufacturer as to the market it wishes to exploit is not controlling. The real question is whether the product as it leaves the plaintiff's plant is "primarily adapted for use in motor vehicles" or is "equally adapted to a variety of uses." For example, in the *Durkee-Atwood Co.* case, *supra,* it was held that belts were not principally adapted for automobiles although they were used to a greater extent on automobiles than for other purposes. Similarly, Electric Storage Battery Co. v. McCaughn, 52 F.2d 205 (E.D.Pa.1931), held that batteries were not accessories because they were equally well adapted to stationary and marine engines. Seat cushions which were well adapted for use in canoes have been held not to be accessories although the manufacturer generally made automobile accessories. Crawford Manufacturing Co. v. United States, 50 F.2d 280 (Ct.Cl. 1931).

 It is the stipulated testimony of Mr. Gilley of the plaintiff that

> the small customer must also make further cuts in the lumber after the laminated boards are delivered, including cuts to accommodate such features as door post plates, rounded or diagonal trailer corners, and corner posts. * * * The customer, whether large or small, must always drill holes and fasten the floor to the trailer bed.

The court believes that even after an order leaves the Burruss plant, the flooring contained in that order is equally adapted for use as railway car decking or cargo container flooring. Railway cars and cargo containers perform the same general function as truck trailers do and they seem to have the same general flooring requirements. It appears to this court that an order prepared for a truck manufacturing concern could just as well be used for the other described uses. Since these markets have been stipulated to be substantial, the court concludes that such uses should not be termed incidental to the market of truck flooring even if the plaintiff's sales for such uses are only a small portion of its total sales. It might be that some orders would require such working of the flooring as to make it suited primarily for trailer bodies and not equally suited for other uses but the representative orders contained in the exhibits do not indicate that such a situation has existed. It further appears from Mr. Gilley's stipulated testimony that the scope of the plaintiff's operation is not sufficient to make such alteration generally practicable.

Even if the laminated wood is cut so exactly that the flooring can readily be placed in the truck trailer without further alteration, the court believes that in this case manufacturing would require such an alteration of the flooring as to make it primarily adapted only for truck trailer flooring. As had been mentioned previously, the court believes that the plaintiff's process does not result in such alteration. The court cannot see that the cutting of laminated wood to certain lengths and widths when the flooring remains equally suited for several uses makes the plaintiff a manufacturer. *See* Earl Glass Co. v. United States, 197 F. Supp. 707 (D.Nev.1961). *Contra,* Binswanger Glass Co. v. United States, 293 F.Supp. 676 (E.D.Va.1968). This view is in accord with the opinion in United States v. Keeton, 238 F.2d 878 (4th Cir. 1956), cert. denied, 353 U.S. 973, 77 S.Ct. 1056, 1 L.Ed.2d 1135 (1957), which held that a taxpayer who made automobile seat covers out of cloth was a manufacturer. When the taxpayer completed his process, the product was primarily adapted for use as an automobile accessory and not equally adapted to other uses.

The defendant cites to the court the case of Crown Products Co. v. United States, 239 F.Supp. 1009 (D.Neb.1965). In that case hoses for automobiles were manufactured in 'standard 36″ lengths which required trimming by the installer to fit the particular car desired. The court properly held that such hoses were accessories in spite of the trimming

required. That case is distinguishable from the one at bar because there the hoses were mass-produced in a uniform length to lessen the inventory problems of stocking hoses of innumerable lengths while here a particular amount of flooring is ordered direct from the plaintiff for individual trailers. In other words the reasons for any cutting or trimming being required are entirely different. The court also noted that there was no evidence that these hoses were commonly used for other purposes besides automobiles.

The defendant also cites Hooker Furniture Co. v. United States, 400 F.2d 390 (4th Cir. 1968) which was before this court at the trial level. The Fourth Circuit held that wooden cabinets were suitable for use as stereo cabinets and therefore subject to tax. The question involved was whether the cabinets were suitable for use as stereo cabinets and not whether they were "primarily adapted for such use." Therefore the case is not in point although a similar issue was presented.

This court also has difficulty with the revenue ruling which attempts to apply the statute and the regulation to the problem presented. If a customer sent an order for a particular number of boards with specified dimensions and dressing which he calculated to be the proper amount to cover a simple rectangular trailer floor, the seller apparently would not be taxable. On the other hand, if he sent a blueprint of the trailer to the manufacturer who then calculated the dimensions of the boards needed, the latter apparently would be taxable as a manufacturer. The court is unable to see that this kind of difference is enough of a distinction to make the manufacturer subject to tax. In reading the briefs it appears that Burruss attempts to demonstrate that each of the fifteen representative orders in evidence falls within situations one or two while the defendant argues equally strenuously that each is a number three situation. That reasonable arguments can be made for either position illustrates the problem with this ruling. This difficulty is innate because of the general nature of laminated flooring.

The facts that all purchasers have to drill holes in the boards to anchor the floors properly and that many purchasers have to make additional alterations to make the floors suitable indicates to this court that Burruss supplies laminated lumber to cover a particular area and not that it supplies a floor designed for a particular trailer. The distinction is that the purchaser still has a number of things to do in addition to just placing the flooring in the trailer in order for it to be suitable for his vehicle.

The court finds that the laminated flooring produced by the plaintiff has a "fitness and * * * special adaptability * * * for purposes other than for automobiles and automobile trucks." Durkee-Atwood Co. v. Willcuts, *supra*, 83 F.2d at 998.

Therefore, judgment is granted to the plaintiff in the amount of $13,466.13 plus statutory interest from July 25, 1966. In view of this disposition the question of whether the plaintiff would have been liable for penalties if it had been liable for the excise tax is not presented.

It is so ordered.