**BURRUSS LAND AND LUMBER COMPANY, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 67-C-5-L.**

United States District Court, W. D. Virginia, Lynchburg Division.

Aug. 17, 1972.

Marc E. Bettius, Fairfax, Va., and T. Neal Combs, Marmet & Webster, Washington, D. C., for plaintiff.

Helen Marmoll, Tax Div., Dept. of Justice, Washington, D. C., and Leigh B. Hanes, Jr., U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, District Judge.

The present case is on remand from the Fourth Circuit, Burruss Land and Lumber Co., Inc. v. United States, 456 F.2d 38 (4th Cir. 1972), rev'g. Burruss Land and Lumber Co., Inc. v. United States, 318 F.Supp. 360 (W.D.Va.1970), to determine whether penalties should be imposed under § 6651(a) and § 6656(a) of the Internal Revenue Code, 26 U.S.C. §§ 6651(a), 6656(a), on the plaintiff for failure to file tax returns under § 4061(b) of the Internal Revenue Code, 26 U.S.C. § 4061(b). Penalties must be imposed under these sections unless the failure to file was for reasonable cause.

■ The burden of proof to establish reasonable cause is on the Taxpayer. Hatfried, Inc. v. Commissioner of Internal Revenue, 162 F.2d 628 (3rd Cir. 1947).

Taxpayer contends that its failure to file was due to its reliance on house counsel, which according to it constitutes reasonable cause.

The government's position is that while reliance upon the advice of counsel does constitute reasonable cause generally, such is not the case where counsel happens to be the person charged with the responsibilities of filing the taxpayer's tax returns and an agent of the corporation.

■ This court is satisfied that the present state and trend of the law is that reliance upon the advice of counsel or an accountant does constitute reasonable cause under § 6651(a) and § 6656(a) where the taxpayer exercised ordinary business care and prudence and made full disclosure of all relevant and material facts to such person. Commissioner of Internal Revenue v. American Ass'n of Engineers Employment, Inc., 204 F.2d 19 (7th Cir. 1953); Burton Swartz Land Corp. v. Commissioner of Internal Revenue, 198 F.2d 558 (5th Cir. 1952); Haywood Lumber and Mining Co. v. Commissioner of Internal Revenue, 178 F.2d 769 (2nd Cir. 1950); Ori-

ent Inv. and Fin. Co. v. Commissioner of Internal Revenue, 83 U.S.App.D.C. 74, 166 F.2d 601 (1948); Hatfried, Inc. v. Commissioner of Internal Revenue, 162 F.2d 628 (3rd Cir. 1947).

There appears to be no contention that such advice, if given by counsel unconnected with Taxpayer's business, would constitute reasonable cause. Indeed, it seems to this court that the government would accept this proposition when the advice was rendered by house counsel, if such counsel performed only legal services.

■ The question presented here is whether reliance upon house counsel's advice constitutes reasonable cause where house counsel also performed non-legal duties.

The government bases its contention on the theory that a unilateral decision by a taxpayer about his tax liability is not reasonable cause.

A corporation can only act through its agents. Mr. Gilley, Taxpayer's house counsel, was a director of the corporation and was therefore an agent. Thus, when he determined the legal aspects of the corporation's tax liability, he acted as an agent of the corporation, and this determination constituted a unilateral act by Taxpayer through its agent that no tax was due.

The government argues that although a person may wear two hats within the corporate framework, he can wear only one for tax purposes. Thus, Mr. Gilley's determination cannot be considered to be independent of the corporation.

This court does not agree with the government's proposition. There would be no question if Mr. Gilley's duties were all non-legal. According to the government's brief, he could, in this instance, ask house counsel, which would perform only legal functions, to determine the issue. The corporation in this case would be protected by the reasonable cause doctrine because its agent, Mr. Gilley, would not be making a unilateral decision.

This position rejects the realities of today's business and corporate practices.

The majority of corporations today are not the large multi-million dollar type. Rather a good percentage are run more as a family or partnership arrangement using the corporate form. Many of these businesses cannot afford the luxury of having house counsel let alone having house counsel which performs solely legal functions. Many attorneys are competent and well qualified in areas outside the law. There is no ethical canon preventing attorneys from using all their skills. Thus many companies find they can afford the luxury of house counsel only if such person can perform varied tasks within the business, managerial as well as legal.

From the evidence it is clear that Mr. Gilley did not simply guess at the law. He made a thorough analysis of the point involved. Although his analysis proved incorrect, "[i]t is not the purpose of the law to penalize frank difference of opinion or innocent errors made despite the exercise of reasonable care. Such errors are corrected by the assessment of the deficiency of tax and its collection with interest for the delay . . ." Spies v. United States, 317 U.S. 492, 496, 63 S.Ct. 364, 367, 87 L.Ed. 418 (1943).

To agree with the government's position would mean that many attorneys, now serving their corporation in dual capacities, would find their legal talents to be of little use to their companies. The implications of this event are obvious. It should be the policy of the law to encourage people to employ legal assistance in the most convenient form, and not to penalize them because of the method they employ to obtain this legal assistance.

Therefore, this court holds that an attorney, serving his company in ways outside his legal expertise, will be treated, when rendering legal counsel and advice, as if his sole function within the company were legal, if such advice is given after a thorough legal analysis of the facts and the law. The court finds as a fact that there was reasonable cause in this case. The effect of this holding will be to treat house counsel in the smaller companies as a separate legal department when such person is performing legal functions.

The government also contends that Mr. Gilley never disclosed this problem on the company tax return as he had done with other questions in the past, nor did he seek the advice of other counsel or the Internal Revenue Service. It points out that Mr. Gilley was quick to consult a patent attorney, but made no outside consultations with anyone in the present matter. Again from the evidence it is clear that Mr. Gilley did disclose on the company tax returns items the taxability or deductibility of which he was in doubt. No disclosure was made about the current problem. However, the reason no disclosure was made was because Mr. Gilley, after thorough analysis, firmly believed no problem existed. Had he felt that some question of taxability did exist and did not disclose it, then a different result might well be in order. It does not appear however that he was under a duty to disclose his theory on all researched potential problems to the government where he firmly believed that he had properly decided the issue and where the law as this court and the Circuit Court have stated was unclear.

The government does not prevail in every tax case it prosecutes, where the taxpayer's theory on the item's taxability or deductibility has not been disclosed to it. Because the evidence indicated thorough research, a reasonable legal conclusion based on that research, and a firm conviction in the conclusion reached, Mr. Gilley was under no duty to disclose on tax returns the areas of his research to the government.

There was also no obligation on him to seek outside advice from either other counsel or the I.R.S. He testified that he sought out a patent attorney because he was unfamiliar with that area of the law. The evidence clearly indicates that he was familiar with tax law; there-

fore, no reason would exist to seek outside aid.

Finally the government has not shown this court, nor can it discern on its own, any statute or regulation in the Internal Revenue Code which requires a taxpayer to seek a ruling or I.R.S. advice on questionable matters. While this might be advisable in certain instances, it is not required.

Therefore, this court declines to enforce the penalty provisions of § 6651(a) and § 6656(a); and it is so adjudged and ordered.