LYNN HAYNES AND JEAN HAYNES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Haynes v. Commissioner
Docket No. 11593-88
United States Tax Court
T.C. Memo 1990-135; 1990 Tax Ct. Memo LEXIS 135; 59 T.C.M. (CCH) 107; T.C.M. (RIA) 90135; March 14, 1990
*135 Held: Negligence addition not sustained. Edwin E. Wallis, Jr., for the petitioners. John R. Keenan, for the respondent. WHITAKER
*241 MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in the joint Federal income tax liability of petitioners for the calendar year 1983 in the amount of $ 8,981.34 with an addition to tax under section 6653(a)(1) [1] in the amount of $ 499.07 and an addition to tax under section 6653(a)(2) in the amount of 50 percent of the interest due on the sum of $ 8,981.34. All of the adjustments have now been conceded by petitioners *242 except for the negligence addition determined by reason of petitioners' failure to follow the provisions of section 611. *136 FINDINGS OF FACT Some of the facts have been stipulated and they are so found. At the time of the filing of the petition in this case petitioners resided in Jackson, Tennessee. During the year 1983 and for many years prior thereto, petitioners were engaged in the businesses of farming and operating a sawmill and a cotton gin. They used the cash basis method of accounting for book and tax purposes. Mr. Haynes has only an eleventh grade education. In November 1983, Mr. Haynes along with his brother purchased a tract of timber for $ 128,572, each owning an undivided one-half interest therein. Mr. Haynes included in his cost of goods sold during the year his one-half of the purchase price in the amount of $ 64,286. During 1983 some timber was sold from this tract for $ 12,000, one-half of which was reported by petitioners for that year as gross receipts from the sale of timber. Respondent correctly disallowed the deduction in 1983 of Mr. Haynes' share of the cost of the tract of timber, allowing instead a depletion deduction under section 611 of $ 6,000. For many years petitioners have consistently deducted in the year of acquisition the cost of standing timber rather than *137 deducting only the depletion allowance. During 1983 and for many years before that Mr. Haynes' books were kept by a bookkeeper in his employ. For tax return preparation through the tax year 1983 the books were taken to a public accountant. The method of recording and reporting timber sales had been discussed with the tax return preparer and apparently approved by him since he signed the 1983 tax return as preparer. Petitioners' returns have been audited for almost every year since 1959. Until the audit during 1985 of the year 1983 no revenue agent has questioned petitioners' practice of deducting the acquisition cost of timber in full in the year of acquisition. During the audit which took place during the year 1976, Mr. Haynes specifically inquired of the revenue agent whether any change in his method of accounting was necessary and he was told that there was nothing wrong with his system. OPINION Under section 6653(a) an addition to tax is imposed where any part of an underpayment is due to negligence or intentional disregard of rules and regulations (but without intent to defraud). The burden of proof on this issue is upon petitioners. . *138 Petitioners seek to avoid the negligence addition upon two grounds, because they sought tax advice and used a tax return preparer for return preparation, see, e.g., , and because of respondent's apparent acquiescence in petitioners' method of accounting for many years. See, e.g., , on appeal (4th Cir. Dec. 6, 1989). The application of the Gorton rule depends on proof that the taxpayer relied on "advice from competent tax experts." On this record, all that we know about the tax return preparer who prepared the 1983 income tax return and the returns for many prior years is that he was a public accountant. Presumably, he had adequate experience in the preparation of Federal income tax returns but that does not necessarily mean that the public accountant would be described as a competent tax expert. Petitioners have failed to carry their burden of proof on this point. However, respondent bears considerable responsibility for petitioners' predicament. A revenue agent who is acting within the scope of his authority is deemed to be a tax expert. ; *139 We agree with Mr. Haynes that he was entitled to rely on the fact that for some 20 years he was audited and was not required to change his method of accounting. The method of accounting employed by Mr. Haynes, the deduction of the cost of timber acquisitions in the year acquired, was and is clearly reflected in his books and on one occasion he inquired specifically of the auditing agent whether his method of accounting was in compliance with the rules and regulations. The case of , is closely analogous to this case. See also and . We can say here, as we said in King, that Mr. Haynes demonstrated "an effort * * * to comply with the rules and regulations rather than to negligently or intentionally disregard them." We conclude that petitioners' treatment of the cost of timber acquisitions was fully justified. Therefore, the addition to tax under section 6653(a) is not applicable here. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩